IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY ALVIN KERSEY,

       Petitioner,

v.                                                    No. CV 10-1093 JH/ACT

TIM HATCH, WARDEN,

       Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, on Petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.  Also before the Court is Petitioner's Prisoner's Motion And Affidavit For Leave To Proceed Pursuant To 28 U.S.C. § 1915.  The Court will grant the § 1915 motion and will dismiss the petition for lack of jurisdiction.

This is Petitioner's second § 2254 petition.  In the previous § 2254 proceeding, *Kersey v. Lytle*, No. CV 97-0694 BB/WWD, Petitioner attacked the same state court criminal conviction that he challenges in the instant petition.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records).  In the state court criminal proceeding, Petitioner was given consecutive sentences for kidnaping and murder.  *See Kersey v. Lytle*, No. 99-2007, 2000 WL 331873, at *2 (10th Cir. Mar. 30, 2000).  In his previous § 2254 petition, he raised, *inter alia*, a double jeopardy claim based on a theory of merger of the two crimes. This Court dismissed the petition on the merits, and the Court of Appeals for the Tenth Circuit specifically rejected Petitioner's double jeopardy claim.  *Id.* at *6.  Here, the petition asserts a single claim of double jeopardy based on a new theory.  Petitioner contends that the New Mexico Supreme

Court denied certiorari under the retroactivity clause in the New Mexico Constitution, in violation of the federal constitutional prohibition of double jeopardy.

This second petition may not be prosecuted without an authorizing order from the Court of Appeals for the Tenth Circuit. The issue before the Court is thus whether to transfer or dismiss the petition. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.

Under *Cline*, the decision to transfer or dismiss a second § 2254 petition requires consideration of several factors: "whether the claims would be time barred if filed anew . . . , whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Cline*, 531 F.3d at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). Petitioner's double jeopardy claim is clearly time barred, and neither Petitioner's state-court habeas pleadings nor the New Mexico Supreme Court's order denying certiorari makes mention of the State's constitutional retroactivity provisions. *See Kersey v. Lytle*, No. CV 97-0694 BB/WWD, Doc. 15, Exs. L, M, N, O (D.N.M. July 30, 1997). According to the factors in *Cline*, the Court will dismiss Petitioner's petition for lack of jurisdiction.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, Petitioner has failed to make a substantial showing of denial of a constitutional right, and the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Prisoner's Motion And Affidavit For Leave

To Proceed Pursuant To 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody is DISMISSED without prejudice for lack of jurisdiction, and judgment will be entered;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE